UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BARBARA MEEKER,

      **Plaintiff,**                                        CASE NO. 3:20-cv-01302

v.                                                                  **JURY TRIAL DEMANDED**

AMERICAN CORADIUS INTERNATIONAL, LLC,

      **Defendant.**
_____/

## COMPLAINT

NOW comes BARBARA MEEKER ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of AMERICAN CORADIUS INTERNATIONAL, LLC ("Defendant"), as follows:

### Nature of the Action

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 et seq., and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Defendant's unlawful conduct.

### Jurisdiction and Venue

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a portion of the events that gave rise to this action occurred within the Middle District of Florida.

### Parties

4. Plaintiff is a consumer over 18 years-of-age residing in Columbia County, Florida, which is within the Middle District of Florida.

5. Defendant provides third party debt collection services. Defendant's principal place of business is located at 2420 Sweet Home Rd., Suite 150, Amherst, New York 14228. Defendant regularly collects upon consumers located within the State of Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party, representatives and insurers at all times relevant to the instant action.

### Facts Supporting Causes of Action

7. The instant action stems from Defendant's attempts to collect upon a debt ("subject debt") said to be owed by Plaintiff.

8. On or about September 21, 2020, Defendant mailed or caused to be mailed to Plaintiff a collection letter attempting to collect upon the subject debt.

9. The collection letter represented that Plaintiff owed approximately $6,085.83 in connection with the subject debt.

10. However, Plaintiff became confused and annoyed by Defendant's attempt to collect on the subject debt, since she was under the impression that she did not owe the subject debt.

11. Consequently, in the beginning of October 2020, Plaintiff sent a written letter to Defendant. In the letter, Plaintiff disputed owing the subject debt, requested validation of the subject debt, and requested that all communication from Defendant be in writing.

12. Defendant completely disregarded Plaintiff's letter, and began placing collection calls to Plaintiff's cellular phone number, (945) XXX-9392.

13. Thereafter, in the middle of October 2020, Plaintiff sent Defendant a second letter. Plaintiff's second letter stated and requested the same information as the first letter.

14. Defendant again disregarded Plaintiff's reasonable demands and continued placing collection calls to her cellular phone.

15. Plaintiff was then forced to send Defendant a final letter. The final letter restated and requested the same information as the previous letters.

16. Despite the demands made in Plaintiff's letters, Defendant continued to place harassing collection calls to her cellular phone and has not validated the subject debt.

17. Defendant's unconsented calls were particularly disturbing to Plaintiff because she works from her phone. Every time Plaintiff received a call from Defendant to her cellular phone, it would interrupt her work.

18. Plaintiff has received numerous phone calls from Defendant since sending it the aforementioned dispute letters.

19. Frustrated and annoyed over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls,

emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, anxiety, loss of focus while working, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, diminished space for data storage on her cellular phone, and payments made to Defendant as a result of its harassing collection campaign.

## Count I – Violations of the Fair Debt Collection Practices Act

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c(a)(1) and §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

28. Additionally, 15 U.S.C. §1692d(5) of the FDCPA, further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to only communicate with Plaintiff in writing. Defendant called Plaintiff numerous times after Plaintiff demanded that it only contact her in writing. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

30. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

    a. **Violations of FDCPA § 1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) when it attempted to collect upon a debt which Plaintiff does not owe. It was a false representation as to the character of the subject debt to suggest to Plaintiff, in the collection letter it sent, that she owed the subject debt, when in fact she did not. One of the core purposes of the FDCPA is to prevent and restrain debt

collectors from attempting to collect debts which are not due and owing by the target of a debt collector's collection efforts, underscoring the extent to which Defendant's conduct materially harmed Plaintiff's interests protected by the FDCPA.

34. Defendant's actions only served to exacerbate the worry and confusion Plaintiff was already experiencing as a result of Defendant's false, deceptive, and misleading debt collection conduct.

### b. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt which Plaintiff does not owe. Defendant's collection letter unfairly suggested that Plaintiff owed the subject debt, when in fact she did not.

37. Furthermore, it was unfair for Defendant to place harassing collection calls to Plaintiff's cellular phone after she demanded it stop.

### c. Violations of FDCPA § 1692g

38. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ." Furthermore, pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-

day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

39. Defendant violated § 1692g by failing to provide the written information requested by Plaintiff. At no point has Plaintiff been provided any information in writing regarding the subject debt which outlines her rights under § 1692g.

40. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, BARBARA MEEKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## Count II – Violations of the Florida Consumer Collection Practices Act

41. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

42. Plaintiff is a "consumer" as defined by Florida Statutes §559.55(8).

43. Defendant is a "debt collector" as defined by Florida Statutes §559.55(7).

44. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

### a. Violations of FCCPA § 559.72(7)

45. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

46. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after she demanded that it only communicate with her in writing. Instead of abiding by Plaintiff's wishes, Defendant placed numerous calls to Plaintiff's cellular phone after she demanded that it cease calling her.

WHEREFORE, Plaintiff, BARBARA MEEKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

Dated: November 17, 2020                                                  Respectfully Submitted,

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
*Counsel for Plaintiff*

Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
alejandrof@sulaimanlaw.com